No. 1962.—STATE OF LOUISIANA ex. rel. GEORGE W. AVERY v. WILLIAM S. MOUNT, City Treasurer.

A mandamus is the proper remedy to compel the Treasurer of the city of New Orleans to pay a warrant drawn upon him by the Controller, and the writ will properly be made peremptory when the Treasurer in his answer discloses no sufficient reason for his refusal to pay.

The writ of mandamus will not lie to compel the Treasurer of the city of New Orleans to perform any act where it becomes his duty as the fiscal agent of the city to exercise a discretion.

In a proceeding by mandamus to compel the Treasurer of the city of New Orleans to exchange certain bonds of the city for warrants drawn by the Controller, the court will not, under the prayer for general relief, render judgment ordering the Treasurer to pay the warrants in money.

APPEAL from the Fifth District Court for the parish of Orleans. *Léaumont. J. J. H. New*, for plaintiff and appellee, *H. J. Leovy*, City Attorney, for defendant and appellant.

HOWE, J. The relator in his original petition represented that he was the owner and holder of certain described warrants drawn by the controller of the city of New Orleans on the treasurer thereof, amounting in all to the sum of $37,286 92, which had been issued to him in his capacity of Sheriff of the parish of Orleans; that payment thereof had been amicably demanded of William S. Mount, the treasurer of the city of New Orleans, and refused: " that by virtue of an act of the Legislature of Louisiana, approved September, 1868, the city of New Orleans has issued certain bonds bearing ten per cent. interest to mature at not more than five years, and though said bonds are now at a heavy discount in the market, petitioner is willing to receive them in satisfaction of his warrants, claiming however the bonds of the longest period as approximating nearer to the sum justly due him;" and, after various formal allegations the relator prayed that a writ of mandamus issue directing the Treasurer to deliver to relator the bonds aforesaid having the longest period to run before maturity to the amount of his claim.

47

By a supplemental petition the relator further claimed interest on his warrants from their respective dates.

The defendant excepted on the ground that the claim of the relator was one for debt, and further that the relator was not entitled to the remedy in this case of mandamus. He further pleaded a general denial.

Upon the trial the relator testified that the allegations of his petition were true, that he was the owner of the warrants in question and that he had demanded payment of the defendant which was refused. This testimony, with the warrants themselves, constitutes the entire evidence in the case.

The court a qua gave judgment that the writ of mandamus be made peremptory and that the defendant deliver to relator a sufficient number of the bonds above described to cover the amount of the warrants, "said bonds to be of those having the longest period to run before maturity." It was further ordered "that the defendant pay the costs of suit, and legal interests on the aforesaid warrants from their respective dates."

From this judgment the defendant has appealed.

We consider it well settled that mandamus is the proper remedy to compel the treasurer of the city of New Orleans to pay a warrant drawn upon him by the controller, when he has no legal discretion to refuse payment, and that a mandamus will properly be made peremptory when the treasurer in his answer discloses no sufficient reason for his refusal to pay. 18 An. 195; State ex. rel. Pinac v. Landry, 21 An. p. 352.

But the facts of this case are peculiar. The relator does not ask the defendant to do a duty imposed upon him by law, and which the defendant has no discretion to decline. He asks that the treasurer be required to deliver to him certain bonds bearing the unusually high rate of interest of ten per cent. per annum; he asks for bonds having the longest period to run, and on which, if delivered to him the city would be obliged to pay ten per cent. per annum interest till maturity; and he further asks that the defendant be compelled to pay him interests on his warrants for considerable periods.

We are of opinion that the defendant had a legal discretion to refuse all these demands. As far as the bonds are concerned, if there are such bonds under his control, the law of September 5, 1868, under which they are alleged to have been issued, simply authorizes the city of New Orleans to borrow one million dollars at a rate not exceeding ten per cent. for the purpose of meeting current expenses and paying "the employes" of the city. We can perceive nothing in this law which makes it the duty of defendant to deliver to the relator ten per cent. bonds of the city for his warrants. The fact that the relator is willing to accept these bonds does not impose on the defendant the duty of delivering them. Much less does this statute require the

treasurer to deliver to relator, of those bonds, such as have the longest time to run; on the contrary, a just regard for the financial interests of the city might well dictate to the treasurer the policy of withholding from use as many of such extravagant obligations as he possibly can. And lastly we are not furnished with any authority for the order that the treasurer pay interest on the warrants, and we think that such interest, if exigible, should be made the subject of an ordinary action.

There is a prayer for general relief by relator, but we find ourselves unable, under this, to render a judgment in his favor directing the payment of the warrants in lawful money, for it may be that if this specific relief had been demanded under proper allegations, the defendant might have shown some legal reason for a refusal of payment.

For the reasons given it is ordered and adjudged, that the judgment appealed from be avoided and reversed, and that the petition of the relator be dismissed, without prejudice, with costs in both courts.